IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS DE LA GARZA, ) | | |
| ID # 31208-177, ) | | |
|         Movant, ) | | No. 3:16-CV-3549-B (BH) |
| vs. ) | | No. 3:13-CR-254-B (01) |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
|         Respondent. ) | | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** as barred by the statute of limitations.

### I. BACKGROUND

Luis de la Garza ("Movant"), a federal prisoner, challenges his 2014 bank robbery convictions and 240-month sentence with a 2-year term of supervised release. (*See* doc. 2 & 5.)[1] His direct appeal was unsuccessful, *see United States v. de la Garza*, 594 F. App'x 256 (5th Cir. 2015), and he did not file a petition for a writ of certiorari.

On June 21, 2016, Movant filed a motion for relief that cited *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was construed as a motion under 28 U.S.C. § 2255. (*See* 3:16-CV-3549-B, doc. 2 & 3.) He later filed an amended motion that raised five new claims but did not seek relief under *Johnson*. (*See* 3:16-CV-3549-B, doc. 5.) The government responded that Movant's § 2255 motion is meritless and time-barred. (*See* 3:16-CV-3549-B, doc. 8.) Although Movant filed a reply,

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-254-B (01).

he did not address the timeliness of his motion. (*See* 3:16-CV-3549-B, doc. 9.)

### III. STATUTE OF LIMITATIONS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

With regard to § 2255(f)(1), Movant's conviction became final on May 25, 2014, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). He does not allege that government action prevented him from filing a § 2255 motion earlier, so § 2255(f)(2) does not apply. The facts supporting his claim arose when he was sentenced, so § 2255(f)(4) also does not apply.

A.      *Johnson v. United States*

Movant's first motion cites the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B), violates the Constitution's guarantee of due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). This implicates § 2255(f)(3), which provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Movant was not convicted under the Armed Career Criminal Act, and he does not challenge that statute here. Instead, his first motion argued that the Court erred when it considered the toy gun that he used to rob the banks to be a "dangerous weapon" for purposes of calculating his sentencing range. (*See* 3:16-CV-3549-B, doc. 2 at 1.) That claim does not rely on any right that the Supreme Court recognized in *Johnson*. Moreover, *Johnson* has no impact on Movant's convictions or sentence because he was not sentenced under a criminal statute that increased his penalty for a prior violent felony or crime of violence, *cf. Johnson*, 135 S. Ct. at 2563, and his sentencing range was not increased on account of any such prior crime or crime, *cf. Beckles v. United States*, 137 S. Ct. 889, 892 (2017) (holding that the advisory United States Sentencing Guidelines are not subject to *Johnson* challenges). Because the latest of the dates under § 2255(f) is the date that Movant's conviction became final, May 25, 2014, the one-year statute of limitations began to run from that date. Movant filed his first § 2255 motion on June 21, 2016, so it is untimely in the absence of

equitable tolling.

**B.      Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, the movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant presents no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier. Because he has not met his burden to establish circumstances warranting equitable tolling, his motion to vacate

should be denied as untimely.

## II.  RECOMMENDATION

Movant's motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 30th day of October, 2017.**

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE